PROB. 12B
(7/93)

ORIGINAL

# United States District Court

for the

## DISTRICT OF HAWAII

FEB 0 8 2007

at 10 o'clock and 10 min __ M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  Jason Jones                     Case Number:  CR 02-00178SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence: 10/27/2003

Original Offense:   Count 1:  Conspiracy to Distribute and Possess With the Intent to Distribute in Excess of 50 Grams of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), and 846, a Class A felony

Original Sentence:  Thirty-three (33) months imprisonment to be followed by four (4) years supervised release with the following special conditions: 1) That the defendant is prohibited from possessing any illegal or dangerous weapons; 2) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; and 3) That the defendant provide the Probation Office access to any requested financial information.

New Sentence:  On 5/9/2005, the offender's supervised release was revoked.  The offender was sentenced to 13 months imprisonment to be followed by 35 months of supervised release with the following special conditions:  1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant provide the Probation Office access to any requested financial information; and 3) That following his release from imprisonment, the defendant serve a period of community confinement in a community corrections center such as Mahoney Hale for a period not to exceed 180 days or until release at the discretion and direction of the Probation Office.

Type of Supervision: Supervised Release        Date Supervision Commenced: 4/6/2006

Prob 12B
(7/93)

2

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

General Condition:   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

Special Condition No. 4   That the defendant serve 50 hours of community service as directed by the Probation Office.

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. General Condition | The offender admitted to using cocaine on or about 9/14/2006. |
| 2. General Condition | That on 1/22/2007, the offender was arrested for Operating a Vehicle Under the Influence of Intoxicants (OVUII), in violation of Hawaii Revised Statutes § 291E-61. |

The offender pled guilty to Count 1: Conspiracy to Distribute and Possess With Intent to Distribute in Excess of 50 Grams of Methamphetamine, a Class A felony. On 10/27/2003, he was sentenced to 33 months imprisonment and 4 years supervised release with the special conditions noted in the petition. Supervised release began on 9/20/2004.

On 5/9/2005, the offender appeared before Your Honor and admitted to the following violations specified in the Request for Course of Action filed on 4/22/2005: Violation No. 1 - That a urine specimen submitted on 11/2/2004, tested positive for methamphetamine, in violation of the General Condition; Violation No. 2 - That on 12/20/2004, the offender admitted that he used methamphetamine on or about 12/18/2004 and that on 4/12/2005, the offender admitted that he had used methamphetamine during the period of March 2005 through April 2005, in violation of the General Condition; and Violation No. 3 - That on or about March 2005 through April 2005, the offender refused to comply with drug testing by subverting the urine collection process, in violation of Special Condition No. 2.

Your Honor revoked the offender's supervised release and sentenced him to 13 months imprisonment with the special conditions noted in the petition. The offender's supervision commenced on 4/6/2006.

While residing at Mahoney Hale, the offender was employed full-time as a line cook at Compadres Grill and Bar. In addition, he participated in substance abuse counseling and urine testing at Freedom Recovery Services. Upon completion of group counseling at Freedom Recovery Services, the offender returned home to Maui to live with his mother, Sandra Lloy. He began participating in individual counseling and urine drug testing with Aloha House in Maui.

On 9/14/2006, the offender submitted a urine sample at Aloha House in Maui. The sample was tested with a non-instrumented drug testing device and was presumptive positive for cocaine. The sample was forwarded to Scientific Testing Laboratories (STL) and confirmed negative for cocaine on 9/21/2006. Although the confirmation was confirmed negative for cocaine, the offender contacted this officer and admitted that he had used cocaine on or about 9/12/2006. He explained that he and his girlfriend had a verbal argument, and the stress had triggered the cocaine use. The offender expressed extreme remorse and apologized for his conduct. He admitted that this was a "stupid mistake" and accepted responsibility for his actions. The offender was sternly admonished for his violation and warned that further violations may result in adverse Court action to include the revocation of his supervision. The offender was directed to continue with individual counseling sessions and drug testing. In addition, the offender was directed to discuss his relapse with his substance abuse counselor, Tania Guzman.

On 1/25/2007, the offender contacted this officer and reported that he was arrested for OVUII on 1/22/2007. He reported that he consumed several glasses of champagne at his mother's wedding prior to his arrest. He explained that he was driving to the Foodland in Kihei to buy some food when a vehicle in front of him kept slowing down and braking for no reason. The offender reported that he became impatient and passed the vehicle on the left side. The offender was stopped by the police and failed the field sobriety test prior to his arrest. He explained that he refused to provide a preliminary breath sample and instead elected to give a blood alcohol sample. The offender subsequently posted bail and was released.

The result of the blood alcohol analysis conducted on 1/25/2007 indicated a blood alcohol concentration (BAC) of 0.134 gram per one hundred milliliters of blood.

A review of the police reports corroborated most of the offender's statement made to this officer. According to the police reports, Maui police officer M. Kaya observed a green bottle of champagne located on the rear seat of the vehicle in addition to a blue cooler which contained 2 unopened bottles of liquor. The offender reported that the liquor was from his mother's wedding reception which he was bringing back to her and her husband. He is scheduled to undergo an alcohol assessment required by the Notice of Administrative Revocation of the Driver's License Bureau. The offender is required to comply with the recommendation of the assessment.

Prob 12B
(7/93)

4

    As a sanction for the OVUII arrest, the offender has agreed to perform 50 hours of community service. The offender has been undergoing breath alcohol testing in addition to urine drug testing at Aloha House on Maui. He continues to attend and participate in individual counseling. His substance abuse counselor reported that the offender began individual counseling on 1/26/2007 for alcohol in addition to his drug abuse counseling.

    The offender also agreed to modify his conditions of supervision to accommodate the revised language for participation in substance abuse treatment and to comply with the requirements of random drug testing under U.S. v. Stephens. In light of U.S. v. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the offender and to protect the community. The offender is aware that continued noncompliance may result in harsher sanctions, including the revocation of his supervision. We respectfully recommend that no adverse court action be taken at this time. We believe that the offender is amenable to treatment at this time and will continue to closely monitor the offender. The Court will be notified and further action may be requested if he is unable to comply with the conditions of supervised release.

    Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release and Notice Regarding Modification of Conditions. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

                                                       Respectfully submitted by,

                                                       JOANN S. HAMAJI
                                                      U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 2/6/2007

Prob 12B
(7/93)

5

THE COURT ORDERS:

[X] No Action
[ ] Other

_____
SUSAN OKI MOLLWAY
U.S. District Judge

2/7/06
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[✓]  To modify the conditions of supervision as follows:

**General Condition:** That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

**Special Condition No. 4.** That the defendant serve 50 hours of community service as directed by the Probation Office.

Witness: _JoAnn S. Hamaji_
U.S. Probation Officer

Signed: _Jason Jones_
Supervised Releasee

1-26-07
Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_____
Defendant: Jason Jones

Print Name: Jason Jones

Date: 1-26-07